# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SYBRINA ALLEN, on behalf of herself and all others similarly situated, *et al.*, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | Cause No.: 2:13-CV-262-WCL-PRC |
| THE PAYDAY LOAN STORE OF INDIANA, INC., d/b/a PLS, and STEVEN LYONS, individually, Defendants. | ) ) ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on a Joint Motion to File Confidential Settlement Agreements Under Seal [DE 42], filed by the parties on March 20, 2015. This case was brought by Plaintiffs under the Fair Labor Standards Act (FLSA) for unpaid wages, overtime compensation, attorney fees, and costs. Plaintiffs filed a Motion to Conditionally Certify Class on July 31, 2013, which was denied on December 3, 2013. Since then, the parties have engaged in discovery and settlement negotiations, which resulted in a final settlement of Plaintiffs' claims. Defendants have entered into settlement agreements with each of the named plaintiffs in this case, and the parties then filed a joint motion for court approval of these settlements pursuant to the FLSA.

The proposed settlement agreements contain personal compensation information as well as confidentially negotiated compromises with each individual Plaintiff. The parties therefore ask that they be allowed to file these settlement agreements under seal.

Northern District of Indiana Local Rule 5-3 provides that "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The general presumption is that judicial records are public, but this can be overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The bar is quite high: "[a]ny

step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945. Further, and notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court. *Id.* ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.").

The Court finds that the parties have shown good cause to maintain the Settlement Agreements [DE 41] under seal. In order to settle this FLSA collective action by way of a settlement agreement, the parties have no choice but to seek the approval of the Court, which is a public proceeding. The parties do not have the option, as litigants do in most non-FLSA collective action cases, to execute a private, confidential settlement agreement and then file a stipulation of dismissal. Yet assuring confidentiality is a key and material party of these settlement agreements. *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11CV21PRC, 2012 WL 5361756, at *3 (N.D. Ind. Oct. 30, 2012) (citing *Perry v. Nat'l City*, 05-CV-891-DRH, 2008 WL 427771, *1 (S.D. Ill. Feb. 14, 2008)). Accordingly, the Court **GRANTS** the Joint Motion to File Confidential Settlement Agreements Under Seal [DE 42]. The settlement agreements filed at DE 41 shall therefore remain **SEALED**.

SO ORDERED this 9th day of April, 2015.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record